**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TREVOR FOSTER, an individual and d/b/a "Trevor Foster Studio"<br><br>Plaintiff,<br><br>    v.<br><br>US GHOST ADVENTURES, LLC, a Massachusetts limited liability company; and DOES 1-10, inclusive<br><br>Defendants. | Case No.: 1:26-cv-6512<br><br>**COMPLAINT FOR:**<br><br>1.  COPYRIGHT INFRINGEMENT;<br><br>2.  VIOLATION OF 17 U.S.C. §1202<br><br>**<u>JURY TRIAL DEMANDED</u>** |

1

Plaintiff, Trevor Foster, individually and d/b/a/ Trevor Foster Studio ("Foster"), by his attorneys Doniger / Burroughs, for his complaint against Defendants US Ghost Adventures, LLC, and Does 1-10, alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338(a). Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred and Defendants and/or Defendants' agents reside or may be found in this judicial district. Defendants offered for sale and shipped the Infringing Product to consumers in New York through their website, and transact substantial and continuous business in this District, including by operating guided tours in New York, New York.

## PARTIES

3. Plaintiff Trevor Foster ("Foster") is an individual and the sole proprietor of Trevor Foster Studio, through which he creates, markets, and sells his original works.

4. Defendant US Ghost Adventures, LLC ("USGA") is a Massachusetts limited liability company. USGA owns and operates the commercial website https://usghostadventures.com/, through which it offers merchandise for sale and operates daily tours to consumers in this district.

5. Defendants Does 1 through 10, inclusive (collectively with US Ghost Adventures. LLC, "Defendants"), are other parties who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

6. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego,

and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages proximately caused thereby.

## CLAIMS RELATED TO SUBJECT WORK

7.    Foster is an acclaimed sculptor and ceramicist whose handcrafted stoneware works blend realism with imaginative elements, including his signature skull drinkware.  Foster's work has been exhibited internationally and is sold to collectors around the world.

8.    Foster created and owns the original sculptural design entitled "Crossbone Skull Stein" depicted below ("Subject Work"):

| SUBJECT WORK |
| --- |
| URL: https://trevorfosterstudio.com/products/crossbone-stein  |

3

9. Foster is the owner of the copyright in the Subject Work and registered the copyright with the Copyright Office under VA 2-494-205 on July 13, 2023, a date prior to the acts complained of herein.

10. Prior to the acts complained of herein, Plaintiff widely publicly displayed and disseminated the Subject Work, including by offering it for sale on his website.

11. Foster routinely includes identifying copyright management information ("CMI") with the Subject Work, including his artist's signature affixed to the base of each work.

12. Plaintiff is informed and believes and thereon alleges that following his publication and display of the Subject Work, Defendants copied, reproduced, manufactured, modified, publicly displayed, and distributed a product copying the Subject Work without Plaintiff's authorization or consent, including, without limitation, on the commercial website, https://usghostadventures.com/, owned and operated by USGA ("Infringing Product"). True and correct exemplars of the Infringing Product are depicted below.

| INFRINGING PRODUCT |
|---|
|  |

13. The above exemplar is not meant to encompass all Infringing Uses; the claims made herein are as to any product displayed, published, licensed, distributed, and/or sold by Defendants, and/or each of them, that incorporate without permission, in whole or in part, the Subject Work.

14. A comparison of the Subject Work with the Infringing Product reveals that the form, proportions, elements and overall appearance of the works are identical or at least substantially similar.

15. The Infringing Product replicates the Subject Work in nearly every respect but removes Foster's artist's mark from the base.

16. On information and belief, Plaintiff alleges that Defendants, and each of them, were involved in creating and/or developing the Infringing Product, and/or supplying, marketing, distributing, selling, and otherwise providing the Infringing Product to third parties, including without limitation, the public.

17. Plaintiff at no time authorized Defendants, or any of them, to use the Subject Work as complained of herein, and at no time did Defendants seek a license or authorization to use the Subject Work.

18. On or around January 21, 2026, Plaintiff sent a letter through counsel notifying Defendants that their unauthorized exploitation of the Subject Work infringed Plaintiff's copyright and demanding they cease and desist from same.

19. Despite this, Defendants failed to respond as of the filing of this Complaint.

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement - Against All Defendants, and Each)**

20. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

21. Plaintiff alleges on information and belief that Defendants, and each of them, accessed the Subject Work by, without limitation, viewing the Subject Work on Plaintiff's websites or social media profiles, on other sites online, or in Plaintiff's numerous online profiles.

Access is further evidenced by the Subject Work's exact or near-exact reproduction in the Infringing Product.

22.    Defendants, and each of them, infringed Plaintiff's copyright by copying, manufacturing, publishing, displaying, and selling the Infringing Product to the public, including without limitation, the website set forth above, without Plaintiff's authorization or consent.

23.    Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

24.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Work. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Work in an amount to be established at trial.

25.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses. Within the time permitted by law, Plaintiff will make his election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

### (Violation of 17 U.S.C. § 1202 - Against All Defendants, and Each)

26.    Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

27.    Plaintiff included CMI on the Subject Work, including his artist's mark in connection with copies and images of the Subject Work.

28.    Plaintiff alleges on information and belief that Defendants, and each of them, removed Plaintiff's copyright management information, as described above, from the Subject

Work, and/or added false copyright management information to the Subject Work, before manufacturing and distributing same.

29. Plaintiff alleges on information and belief that Defendants, and each of them, distributed and published the Subject Works on website(s), after removing Plaintiff's attribution information, including without limitation his mark/signature.

30. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c) and is false.

31. When Defendants copied, manufactured and distributed the Subject Work, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. § 1202(a). As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. § 1203.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Subject Work, including, without limitation, an order requiring Defendants, and each of them, to remove the Infringing Product from their respective websites, catalogs, marketing and advertisement materials.

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and/or, to the extent available, statutory damages as available under 17 U.S.C. § 504 and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d.      That Plaintiff be awarded their attorneys' fees and full costs as available under 17 U.S.C. §§ 505 and 1203;

e.      That Plaintiff be awarded pre- and post-judgment interest as permitted by law; and

f.      That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action of all issues so triable.

Dated:    July 30, 2026                          Respectfully submitted,
          New York, New York


                                        By: */s/ Scott Alan Burroughs*
                                            Scott Alan Burroughs, Esq.
                                            David M.S. Jenkins, Esq.
                                            DONIGER / BURROUGHS
                                            247 Water Street, First Floor
                                            New York, New York 10038
                                            (310) 590-1820
                                            scott@donigerlawfirm.com
                                            djenkins@donigerlawfirm.com
                                            *Attorney for Plaintiffs*

8